# EXHIBIT 1

Kellie Nelson Fetter (Wyo. Bar No. 7-4597)
TAFT STETTINIUS & HOLLISTER LLP
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **ABC IP, LLC** | ) | |
| | ) | **CASE NO.  1:25-CV-00124-SWS** |
| **Plaintiff.** | ) | |
| | ) | |
| **-vs-** | ) | |
| | ) | |
| **FRT TRIGGERS LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff ABC IP, LLC (hereinafter "Plaintiff"), on behalf of itself and Defendant

FRT Triggers, LLC (hereinafter "Defendant") in Case No. 25-CV-00124, filed an

Agreed Motion for Entry of Consent Judgment and Permanent Injunction informing

the Court that they have agreed to the entry of this Final Judgment.

The Parties advise the Court that they **HEREBY STIPULATE AND**

**AGREE TO THE FOLLOWING:**

1.      This is an action for patent infringement and trademark infringement

arising under the Patent Laws of the United States, 35 U.S.C. § 101 et. seq. and 15

1

U.S.C. § 1051 *et seq.* The Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338(a), 1338(b) and/or 1367(a).

2.    The Court has personal jurisdiction over the parties and venue is proper pursuant to 28 U.S.C. §§ I332(a) and 1400.

3.    ABC IP, LLC ("ABC") is a limited liability company organized under the laws of the State of Delaware.

5.    FRT Triggers, LLC ("FRT Triggers") is a limited liability company existing under the laws of the state of Wyoming and has a principal office at 30 North Gould Street, Suite N, Sheridan, Wyoming 82801.

6.    ABC is the owner of all right, title and interest in and to the following United States Patents (collectively, the "Patents In Suit"): U.S. Patent Number 10,514,223 entitled "Firearm Trigger Mechanism" ("the '223 Patent"); U.S. Patent No. 11,724,003 ("the '003 Patent"); U.S. Patent No. 12,036,336 ("the '336 Patent"), and U.S. Patent No. 12,247,807 ("the '807 Patent).

7.    ABC is the owner of U.S. Trademark Registration No. 7,004,418 for FRT-15 for "triggers for firearms" ("the '418 Registration").

8.    ABC filed U.S. Trademark Application No. 98/715,335 for the mark FRT-15L3 for "triggers for firearms" on August 24, 2024, before the Defendant began marketing, offering, or selling the Infringing Device (described below) under the mark "FRT-15L3."

9.    Rare Breed Triggers, LLC, is the exclusive licensee of the '418 Registration covering the mark FRT-15.

10.    The FRT-15® trademark is recognized by consumers as distinctive of goods originating from Rare Breed.

11.    Rare Breed's exclusive use of the FRT-15® trademark and goodwill inures to the benefit of the licensor, ABC IP.

12.    All of the claims of the Patents In Suit are valid and enforceable.

13.    The FRT-15-L3 is a trigger for a firearm.

14.    The FRT-15-L3 has been accused of infringing the Patents In Suit.

15.    Defendant's use of the FRT-15-L3 mark in connection with its sale of triggers for firearms has been accused of trademark infringement.

16.    The Parties intend that the issues of patent infringement, patent validity, and patent enforceability are hereby finally concluded and disposed of and that this CONSENT JUDGMENT AND PERMANENT INJUNCTION bars Defendant from contending in this action or any other proceeding that the claims the Patents In Suit are invalid, unenforceable, or not infringed.

17.    Defendant has been making or causing to be made, using or causing to be used, offering to sell, and selling forced reset triggers (i.e., the FRT-15-L3) which is covered by one or more claims of the Patents In Suit (the "Infringing Product").

18.    At least one claim of each of the Patents In Suit is infringed by the Infringing Product sold or offered for sale by Defendant.

3

19.     The Parties agree that Plaintiff had the manufacturing capacity to produce and staff to sell all of the Infringing Product sold by Defendant, and but for the infringement would have realized significant profits and royalties from such sales.

20.     Defendant has been selling and offering for sale triggers for firearms under the mark "FRT-15-L3" which has caused significant confusion amongst consumers for such goods, believing Defendant's good(s) to have emanated from, be approved by, sponsored by, or authorized by Plaintiff, when such is not the case.

21.     Plaintiff and Defendant have entered into a separate Confidential Settlement Agreement in which they have agreed to terms of compensation for the infringement.

22.     Plaintiff has no adequate remedy at law as to the threat of ongoing infringements by Defendant and Plaintiff is entitled to an injunction barring the ongoing sale of Infringing Product.

23.     Violation by the Defendant, or anyone acting in concert with the Defendant including but not limited to Defendant's manufacturer(s) and/or distributor(s) (*see* ECF No. 1, ¶¶49, 50), of the Permanent Injunction granted by this CONSENT JUDGMENT AND PERMANENT INJUNCTION would cause irreparable damage to Plaintiff and, upon violation of the injunction, Plaintiff should

4

be entitled to remedies consistent with this CONSENT JUDGMENT AND
PERMANENT INJUNCTION.

24.     Defendant waives all right to appeal any part of this CONSENT
JUDGMENT AND PERMANENT INJUNCTION.

25.     Upon entry of this Consent Judgment and Permanent Injunction, this
action is dismissed with prejudice, provided, however, that this Court shall retain
jurisdiction to enforce the terms and provisions of this Consent Judgment, Permanent
Injunction, and the Confidential Settlement Agreement.

Based on the Stipulations by the Parties, **IT IS HEREBY ORDERED AND
ADJUDGED THAT:**

1.      Defendant, including any successors, agents, assigns, and transferees, all
others holding by, through or under the parties hereto, and all subsidiaries, divisions,
related companies or entities, and principals, owners, investors, managers, and
members of the parties and who receive actual notice of this injunction, are
PERMANENTLY ENJOINED during the unexpired term of the Patents In Suit from
making or causing to be made, using or causing to be used, importing, offering for
sale, or selling either directly, contributorily or by inducement in the United States
any product covered by any claim of the Patents In Suit.

2.      The Permanent Injunction in Paragraph 1 shall automatically terminate
and expire, with respect to the Patents In Suit, upon the final expiration of whichever
Patent In Suit expires last or upon the entry or entries of a final and unappealable

court Order(s) finding that all the claims of the Patents In Suit are invalid. The Permanent Injunction in Paragraph 1 shall automatically terminate and expire, with respect to the FRT-15® mark (the '418 Registration) upon abandonment or discontinuation of the '418 Registration in connection with Plaintiff's (or its exclusive licensee, Rare Breed Triggers') abandonment or discontinuation of use of the marks "FRT-15®" and/or "FRT-15L3" for the sale of triggers for firearms.

3.      All claims asserted by Plaintiff against Defendant are hereby dismissed with prejudice.

4.      The issues of patent infringement, patent validity, and patent enforceability are hereby finally concluded and disposed of and this CONSENT JUDGMENT AND PERMANENT INJUNCTION bars Defendant from contending in this action or any other proceeding that the claims of the Patents In Suit are invalid, unenforceable or not infringed.

5.      The issues of trademark infringement are hereby finally concluded and disposed of and this CONSENT JUDGMENT AND PERMANENT INJUNCTION bars Defendant from contending in this action or any other proceeding that the use of "FRT-15-L3" in connection with Defendant's sale of triggers for firearms is not an infringement.

6.      This CONSENT JUDGMENT AND PERMANENT INJUNCTION shall finally conclude and dispose of this litigation as to the Parties, and Plaintiff and Defendant shall be entitled to issue preclusion, claim preclusion, *res judicata* and

collateral estoppel effect in future litigation or Patent Office proceedings related to the Patents In Suit. This Order explicitly intends such issue preclusion, claim preclusion, *res judicata* and collateral estoppel effects to extend to the issues of infringement, validity, and enforceability regarding any claim of the Patents In Suit, whether raised in a court proceeding, Patent Office proceeding, reexamination, *inter partes* review, or other dispute.

6.    The Court finds that violation of the Permanent Injunction granted by this CONSENT JUDGMENT AND PERMANENT INJUNCTION by the Defendant would cause irreparable damage to Plaintiff and, upon violation of the injunction, Plaintiffs shall be entitled to remedies consistent with this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

7.    This CONSENT JUDGMENT AND PERMANENT INJUNCTION shall bind all parties, including any successors, assigns, and transferees, all others holding by, through or under the parties hereto, and all subsidiaries, divisions, related companies or entities, and principals, owners, investors, managers, and members of the parties.

8.    All parties have read this CONSENT JUDGMENT AND PERMANENT INJUNCTION and agree to be fully bound by its terms.

9.    This Court retains exclusive jurisdiction of this action for the purpose of compliance with this CONSENT JUDGMENT, PERMANENT INJUNCTION, and CONFIDENTIAL SETTLEMENT AGREEMENT.

10.    Final judgment shall be entered pursuant hereto, without further notice.

The Clerk is directed to enter this Final Judgment forthwith.


Ordered this __ day of _____,
2025.

_____
Scott W. Skavdahl, United States District Judge



CONSENT TO BE BOUND:

**FRT Triggers, LLC**

By: _____

Title: _____

Date: _____

AGREED TO AS TO FORM

FRT Triggers, LLC

By: _____ J Rounds

Title: _____ Manager

Date: _____ 6/4/25

/s/*Kellie Nelson Fetter*

Kellie Nelson Fetter (WSB 7-4597)
TAFT STETTINIUS & HOLLISTER LLP
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
303-299-8448
kfetter@taftlaw.com

*Attorney for Plaintiff*